**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118000

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Walter Walsh, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Mark S. Ricciardi, Esq., P.C., | |
| Defendant. | |

Walter Walsh, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Mark S. Ricciardi, Esq., P.C. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Walter Walsh is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Mark S. Ricciardi, Esq., P.C., is a New York Professional Corporation with a principal place of business in Nassau County, New York.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.      The principal purpose of Defendant's business is the collection of such debts.

12.      Defendant uses the mails in its debt collection business.

13.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

14.      Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15.      The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.      To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

17.      As such, the circumstances of the particular debtor in question have no bearing as

2

to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

18.    Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

19.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

20.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

21.    Defendant alleges Plaintiff owes a debt ("the alleged Debt").

22.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.    The alleged Debt does not arise from any business enterprise of Plaintiff.

24.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.    At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 9, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

28.     The Letter conveyed information regarding the alleged Debt.

29.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

31.     The Letter was received and read by Plaintiff.

32.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

33.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

34.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692g(a)(3), 1692e and 1692e(10)**

35.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36.     15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

38.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40.    The Letter does not contain the complete required validation notice.

41.    The Letter states in part, "Unless you notify the undersigned within thirty (30) days of the date of this letter that you disagree with the amount due, we will assume that the total amount shown above is correct. If you do not notify us in writing within said time the amount shown is incorrect, we will obtain verification of this debt from the creditor and mail you a copy thereof."

42.    The Letter does not contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3).

43.    As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that they would have to dispute the alleged Debt in its entirety and not be able dispute the validity of any portion thereof, before the debt would be assumed to be valid by the debt collector; and therefore, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

44.    As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that their time period to dispute the alleged Debt would start by the date on the Letter and not upon the date they received the Letter; and therefore, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

45.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(3), 1692e and 1692e(10), and is liable to Plaintiff therefor.

### SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(11)

46.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48.    15 U.S.C. § 1692e(11) provides that it is a violation of the FDCPA to fail to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and to fail to disclose in subsequent communications that the communication is from a debt collector.

49.    The Letter fails to disclose that the letter is from a debt collector.

50.    The Letter fails to disclose that Defendant is attempting to collect a debt.

51.     The Letter fails to disclose that any information obtained will be used for that purpose of attempted collection of the debt.

52.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(11) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

53.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

54.     Plaintiff seeks to certify two classes of:

> i.  All consumers to whom Defendant sent a collection letter that fails to include the required Section 1692g(a)(3) disclosure, which letter was sent on or after a date one year prior to the filing of this action to the present.

> ii. All consumers to whom Defendant sent a collection letter that fails to include the required Section 1692e(11) disclosure, which letter was sent on or after a date one year prior to the filing of this action to the present

55.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

56.     The Class consists of more than thirty-five persons.

57.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

58.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

59.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised

by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

60.    Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a.  Certifying this action as a class action; and

b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.  Finding Defendant's actions violate the FDCPA; and

d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Granting Plaintiff's costs; all together with

g.  Such other relief that the Court determines is just and proper.

DATED: March 18, 2020

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118000