UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WALTER WALSH, individually and on behalf
of all others similarly situated,

                        Plaintiff,               **REPORT AND RECOMMENDATION**

    v.                                    20-cv-01482 (JS) (ST)

MARK S. RICCIARDI, ESQ., P.C.,

                        Defendant.
-------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Walter Walsh, individually and on behalf of all others similarly situated ("Plaintiff"),

commenced this action against Mark S. Ricciardi, Esq., P.C. ("Defendant") on March 20, 2020.

Plaintiff filed his First Amended Complaint ("FAC") on July 29, 2020, alleging violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Defendant filed a

Motion to Dismiss the FAC.  The Honorable Joanna Seybert referred Defendant's Motion to the

undersigned to issue a Report and Recommendation.  For the reasons set forth below, this Court

respectfully recommends that Defendant's Motion be DENIED.

    I.    **BACKGROUND**

        **a. Factual Background**

       The relevant facts are as follows.  Plaintiff, an individual, is a citizen of New York State

who resides in Nassau County, New York.  FAC ¶ 5, Dkt. No. 10.  Defendant is a New York

Professional Corporation with a principal place of business in Nassau County, New York.  *Id.* ¶

8.  In an effort to collect an alleged debt on behalf of a client, Defendant contacted Plaintiff via a

letter dated July 9, 2019 (the "Letter").  *Id.* ¶ 27; *see* FAC, Ex. 1, Dkt. No. 10-1.

### b.  Procedural Posture

Plaintiff commenced this action against Defendant on March 20, 2020 and filed the FAC

on July 29, 2020.  *See generally* Compl., Dkt. No. 1; FAC.  The FAC alleges violations of the

FDCPA.  *See* FAC.  Plaintiff brings this case as a class action.  *Id.* ¶¶ 139-145.  On September

24, 2020, Defendant filed its Motion to Dismiss the FAC pursuant to Federal Rule of Civil

Procedure 12(b)(6).  *See generally* Notice Mot. Dismiss, Dkt. No. 17; Mem. Supp. Mot. Dismiss

("Mot."), Dkt. No. 17-1.  The Motion has been fully briefed.  *See generally* Mem. Opp. Mot.

("Opp."), Dkt. No. 18; Mem. Further Supp. Mot. ("Reply"), Dkt. No. 21.

## II.    LEGAL STANDARDS

### a.  Rule 12(b)(6) Motion to Dismiss

When assessing a Rule 12(b)(6) motion to dismiss, a court must determine whether the

complaint states a legally cognizable claim by making allegations that, if proven, would show

that the plaintiff is entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly*, 550 U.S. at 570).  A complaint successfully states a claim when there

is "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

There are "[t]wo working principles" that guide this analysis: "First, the court must

accept all factual allegations as true and draw all reasonable inferences in favor of the non-

moving party," and "[s]econd, only a complaint that states a plausible claim for relief survives a

motion to dismiss, and this determination is a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense."  *Giambrone v. Meritplan Ins. Co.*,

13-CV-7377 (MKB) (ST), 2017 WL 2303980, at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation

marks, citation omitted), *adopted by* 2017 WL 2303507 (E.D.N.Y. May 24, 2017).  Although

this Court is limited to facts as stated in the complaint, it may consider exhibits or documents

incorporated by reference.  *See Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir.

1995).

## III.    DISCUSSION

In seeking dismissal, Defendant argues that Plaintiff has not plausibly alleged that

Defendant is a debt collector under the FDCPA.  *See* Mot. at 4-7.  Defendant also contends that

earlier litigation before this Court demonstrates that Defendant is not a debt collector.  *Id.* at 7-9.

### a.  Plaintiff Plausibly Alleges Defendant is a Debt Collector

The FDCPA aims to "eliminate abusive debt collection practices by debt collectors."  15

U.S.C. § 1692(e).  As the FDCPA is "remedial in nature, its terms must be construed in liberal

fashion if the underlying Congressional purpose is to be effectuated."  *Vincent v. The Money*

*Store*, 736 F.3d 88, 98 (2d Cir. 2013) (quoting *N.C. Freed Co. v. Bd. of Governors of Fed.*

*Reserve Sys.*, 473 F.2d 1210, 1214 (2d Cir. 1973)).  To establish an actionable FDCPA claim, a

plaintiff must show: "(1) the plaintiff is a 'consumer' within the meaning of the Act; (2) the

defendant is a 'debt collector'; and (3) the defendant must have engaged in conduct in violation

of the statute."  *Rani v. Drobenare*, 19-cv-05186 (MKB) (ST), 2020 WL 6370249, at *4

(E.D.N.Y. Aug. 19, 2020) (citation omitted), *adopted by* 2020 WL 5417555 (E.D.N.Y. Sept. 9,

2020).  According to the FDCPA, a "debt collector" is "any person who uses any instrumentality

of interstate commerce or the mails in any business the principal purpose of which is the

collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  That is, "[t]he

3

FDCPA establishes two alternative predicates for 'debt collector' status—engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004).

The FAC claims, "[u]pon information and belief, Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers." FAC ¶ 10. It further alleges, "[u]pon information and belief, the principal purpose of Defendant's business is the collection of such debts." *Id.* ¶ 11. Defendant contends these claims are conclusory and thus "insufficient to plausibly allege" that Plaintiff is a debt collector. Mot. at 5. In making this argument, Defendant cites several cases that the Court finds factually distinct from the present matter. In each cited case, claims were dismissed against a defendant or defendants who received the alleged debt before default, who were creditors of the plaintiff, or who were mortgage loan servicers. *See id.* at 4-5; *Johnson-Gellineau v. Stein & Assocs, P.C.*, 16-CV-9945 (KMK), 2018 WL 1605574, at *11-13 (S.D.N.Y. Mar. 29, 2018) ("courts frequently find entities acting in the trustee capacity that Wells Fargo does here to be creditors under the FDCPA," plaintiff "failed to plausibly allege that her loan was in default at the time Wells Fargo obtained it," and "debt was not in default at the time Chase began servicing—in other words, 'obtained'—Plaintiff's loan"); *Houck v. US Bank NA*, 15-cv-10042 (AJN), 2016 WL 5720783, at *9-10 (S.D.N.Y. Sept. 30, 2016) ("Plaintiff originated his mortgage loan with Wells Fargo," and "debt was not in default at the time of the assignment" from Wells Fargo to US Bank); *Jenkins v. Chase Bank USA, N.A.*, No. 14-CV-5685 (SJF)(AKT), 2015 WL 4988103, at *5 (E.D.N.Y. Aug. 19, 2015) ("specific allegations that the alleged debts were owed to Chase and the credit reports attached to the Second Amended Complaint stating that the credit lines were originally issued by Chase belie any notion that

4

Chase was collecting a debt owed or due to another"); *Schuh v. Druckman & Sinel, L.L.P.*, 602

F. Supp. 2d 454, 463 (S.D.N.Y. 2009) (complaint "alleges that HSBC MS is a 'servicer' of

mortgages" and "nothing in the complaint shows that HSBC MS is [a] debt collector within the

meaning of the [FDCPA]").  This is relevant because the FDCPA excludes from its definition of

"debt collector" any person who attempts to collect a debt owed to another "to the extent such

activity . . . concerns a debt which was not in default at the time it was obtained by such person."

15 U.S.C. § 1692a(6)(F).  Further, the FDCPA "does not extend to creditors seeking to collect

debts owed to themselves." *Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 439

(E.D.N.Y. 2013) (quoting *Muniz v. Bank of Am., N.A.*, 11 Civ. 8296(PAE), 2012 WL 2878120, at

*3 (S.D.N.Y. July 13, 2012)).  Relatedly, "[m]ortgage servicers . . . are not covered by the

FDCPA if the debt at issue was acquired prior to the borrower's default.  That is, the FDCPA

only covers servicers who obtain a mortgage that is already in default." *Dumont v. Litton Loan

Servicing, LP*, No. 12-cv-2677, 2014 WL 815244, at *17 (S.D.N.Y. Mar. 3, 2014).  Accordingly,

in *Johnson-Gellineau*, *Houck*, *Jenkins*, and *Schuh*, the defendants were clearly not "debt

collectors"; in those cases, the plaintiffs' generalized allegations could not bring the defendants

within the purview of the FDCPA.

In contrast to the cited cases, the facts alleged here do not suggest that the debt was not in

default at the relevant time or that Defendant is a creditor of Plaintiff.  Rather, the FAC avers that

"the alleged Debt was assigned or otherwise transferred to Defendant for collection," and that

"[a]t the time the alleged Debt was assigned or otherwise transferred to Defendant for collection,

the alleged Debt was in default."  FAC ¶¶ 25-26.  "[T]hose who are assigned a defaulted debt are

not exempt from the FDCPA if their principal purpose is the collection of debts or if they

regularly engage in debt collection." *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 301

(E.D.N.Y. 2008) (quoting *Kinel v. Sherman Acquisition II LP*, No. 05 Civ. 3456, 2006 WL

5157678, at \*6 (S.D.N.Y. Feb. 28, 2006)).  In sum, the FAC does not allege facts that imply

Defendant is beyond the scope of the FDCPA.

Having established that the authority Defendant cites in support of its Motion is

inapposite, the Court will consider whether Plaintiff's allegations are sufficiently detailed to

survive Defendant's Motion to Dismiss.  "[T]he [FDCPA] applies to attorneys who 'regularly'

engage in consumer-debt-collection activity, even when that activity consists of litigation."

*Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).  As indicated, the FAC avers, "Defendant is

*regularly* engaged, for profit, in the collection of debts allegedly owed by consumers."  FAC ¶

10 (emphasis added).  Annexed to the FAC is a copy of the Letter.  *See* FAC, Ex. 1; *see also*

*Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the

complaint or incorporated in it by reference are deemed part of the pleading and may be

considered.").  The Letter is on Defendant's letterhead, is signed by Defendant, and seeks to

collect on behalf of Defendant's client "a claim for rent against [Plaintiff] in the sum of

$16,800.00."  *See* FAC, Ex. 1.  It is thus clear that Defendant has engaged in debt collection

activity.  *See Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 167, 170 (2d Cir. 2015)

(identifying letter defendant attorney sent to plaintiff as debt collection activity, where letter

stated plaintiff "may be held personally liable for cost of" plaintiff's mother's nursing care).

Whether this activity proves to be "regular" under the analysis set forth in *Goldstein*, 374 F.3d at

62, is a question appropriately addressed after discovery.

Given that "courts in this circuit generally assess FDCPA claims under Rule 8's general

pleading standard," the FAC adequately alleges Defendant is a debt collector.  *Beauchamp v.*

*Fin. Recovery Servs., Inc.*, No. 10 Civ. 4864(SAS), 2011 WL 891320, at \*3 n.35 (S.D.N.Y. Mar.

14, 2011). The Court therefore respectfully recommends that Defendant's Motion to Dismiss be

DENIED. *See Sluys v. Hand*, 831 F. Supp. 321, 325-26 (S.D.N.Y 1993) (denying dismissal

where information concerning regularity of defendant attorney's debt collection activities was

"exclusively available to defendant and unavailable to plaintiff without discovery" and defendant

put forth only an "uncorroborated denial of other debt collection activity").[1]

### b. *Burt* Does Not Establish that Defendant is Not a Debt Collector

Defendant argues that "prior litigation before this same Court reveals that [Defendant] is

not a debt collector as defined by the FDCPA." Mot. at 7. In doing so, Defendant requests the

Court take judicial notice of the Memorandum and Order in *Burt v. Phh Mortgage Corporation*,

15-CV-3887 (JS) (AYS), 2017 WL 384326 (E.D.N.Y. Jan. 25, 2017). *See* Mot. 7-9. In *Burt*, the

Court found Defendant was "not a debt collector subject to liability under the FDCPA." *Burt*,

2017 WL 384326, at *4. Defendant proceeds to explain that a court "need not accept as true

allegations in a complaint that contradict or are inconsistent with judicially-noticed facts." Mot.

---

[1] Defendant's reliance on the Second Circuit's decision in *Goldstein*, 374 F.3d at 62-63, is misplaced to the extent it implies that an FDCPA complaint should be subject to a heightened pleading standard. As the *Goldstein* Court explained, "the question of whether a lawyer or law firm 'regularly' engages in debt collection activity within the meaning of section 1692a(6) of the FDCPA is assessed on a case-by-case basis in light of factors bearing on the issue of regularity." *Goldstein*, 374 F.3d at 62. The specific factors enumerated in *Goldstein* include:

> (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the [entity] to assist in the collection of outstanding consumer debt obligations."

*Id.* at 62-63. Yet *Goldstein* involved an appeal of a district court's decision granting summary judgment. Thus, full discovery had been concluded and both the district court and the Circuit were in a position to consider the highly fact-specific factors discussed above. In contrast, there is virtually no meaningful way that a plaintiff would have access to the type of factual information necessary for a *Goldstein* inquiry absent discovery. To suggest that *Goldstein* somehow requires a plaintiff to plead these factors with specificity to make out a prima facie case that a defendant is a debt collector at the Rule 12(b)(6) stage is simply untenable and not a reasonable extension of the *Goldstein* decision.

at 8-9 (quoting *Becker v. Cephalon, Inc.*, No. 14 Civ. 3864(NSR), 2015 WL 5472311, at \*5 (S.D.N.Y. Sept. 15, 2015).  Defendant appears to reason that, because "the *Burt* opinion directly contradicts Plaintiff's allegations regarding [Defendant's] debt collector status," the Court need not accept those allegations as true.  Mot. 9.

"In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*."  *Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011).  Under such circumstances, the Court may take notice of the documents "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006).

The *Burt* Court's finding that Defendant was not a debt collector does not conflict with the FAC's allegation that Defendant is a debt collector.  The Court notes that Defendant's involvement in *Burt* is distinguishable from its involvement in the instant matter.  In *Burt*, Defendant was acting as a referee "appointed by the state court judge to manage certain aspects of the foreclosure proceeding after liability was determined," and the Court accounted for this when it granted Defendant's Motion to Dismiss.  *Burt*, 2017 WL 384326, at \*4.  Here, Defendant sent the Letter on behalf of its client.  *See* FAC, Ex. 1.  Additionally, *Burt* was commenced in 2015, almost five years before Plaintiff filed the Complaint in this case.  The fact that Defendant was once found not to be a debt collector in a case where it was serving as a referee does not

preclude it from years later acting as a debt collector.[2]   Likewise, even if the Court were able to

accept as true that Defendant was not a debt collector during the time period relevant to *Burt*, it

is still possible that Defendant later became a debt collector for purposes of the FDCPA.   That is,

there would still not be a conflict such that the Court could reject the truthfulness of Plaintiff's

allegations.   Accordingly, the Court finds Defendant's argument unavailing.

**IV.   CONCLUSION**

For the foregoing reasons, the Court respectfully recommends that Defendant's Motion

be DENIED.

---

[2] Defendant submits an Affidavit stating that its "business has remained unchanged" since *Burt* and denying that it is in the business of collecting debts due another and that it regularly collects debts due another.  Mot., Ex. E ¶ 4, Dkt. No. 17-7.  The Court may not consider such an Affidavit on Defendant's Motion to Dismiss.  *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 278-79 (S.D.N.Y. 2002) (denying motion to dismiss FDCPA claim on grounds defendant law firm is not a debt collector, declining to consider conflicting affidavits regarding defendant's debt collection activities, and explaining affidavits "are [not] properly before the Court on a motion to dismiss and thus cannot be considered unless the Court transforms the motion into a motion for summary judgment").

### V.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report and

Recommendation to file written objections.  Failure to file timely objections shall constitute a

waiver of those objections both in the District Court and on later appeal to the United States

Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir.

2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*,

No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also*

*Thomas v. Arn*, 474 U.S. 140 (1985).


**SO ORDERED.**


_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated:  Central Islip, New York
        June 4, 2021